DECISION OF DISMISSAL
Plaintiff appeals the value of certain personal property that at one time was used in a dental lab. The property is identified as Account 202828. The appeal involves tax years 2006-07 through 2010-11, inclusive.[1] The court held a telephonic case management hearing April 6, 2011. During that proceeding the court addressed the issue of jurisdiction. Plaintiff appeared pro se. Defendant was represented by Ericka Fredricks, an employee with the assessor's office.
 I. STATEMENT OF FACTS
The question of jurisdiction required that the court elicit sworn testimony from the parties and the parties were therefore put under oath. The following relevant testimony was presented during the April 6, 2011, proceeding.
Plaintiff was a one-quarter partner in a corporation that was started approximately in 1999. One of the other partners was her husband, and a third partner was a dentist named Max Higby (Higby). Plaintiff testified that Higby was the managing partner of the corporation and that he operated his dental practice at one location, while the personal property dental lab *Page 2 
equipment that is at issue in this appeal was located at another location in a building owned by Higby and leased by Plaintiff for the operation of the lab.
For reasons not articulated by Plaintiff, the corporation dissolved in 2001. In the early years of the corporation's operation, and perhaps for several years after the corporation was dissolved, the tax statements for the subject property were mailed to a post office box associated with the lab where Plaintiff worked (as opposed to Higby's dental office). However, according to Plaintiff, all of the mail sent to that post office box address was collected by one of Higby's associates and taken to Higby's dental office.
While the corporation was in operation, it owned the lab equipment at issue and made the payments on the loan taken out to purchase that equipment. Beginning sometime in 2002, and after the corporation dissolved, Plaintiff obtained possession of the property (the lab equipment) and stored it in a storage unit.[2] Plaintiff was no longer operating the lab.
No personal property tax returns were filed between 2002 and 2008. A return was filed in 2009 and Defendant used the information in that return to establish values for 2009 and 2010. Those values were $13,750 for 2009 (2009-10 tax year) and that amount or less for 2010 (2010-11 tax year). Because those values are below the statutory taxable assessed value as provided in ORS 305.250(2) and (4), there was no tax assessed on the subject property for the 2009-10 or 2010-11 tax years.
Based on the tax year 2001-02 taxable values, Defendant "froze" the value of the property at $79,100 for tax years 2002-03 through 2008-09. That value did generate a tax liability for each of those years. On December 3, 2010, Plaintiff filed an appeal of Defendant's *Page 3 
values for tax years 2006-07, 2007-08, 2008-09, 2009-10, and 2010-11, to this court.[3] In the materials submitted with the Complaint, Plaintiff states that she would be "lucky [if] the equipment [were] valued at $1765." (Ptf's Compl at 2.) According to Plaintiff, one of the reasons that the property has such little value is because the equipment is "temperature sensitive" and, because it was stored in a non-climate controlled ("regular") storage unit, "the majority [of the property] is no longer working." (Id.)
There is no indication that Plaintiff or anyone else in a position to legally appeal the values filed a petition with the county board of property tax appeals (BOPTA) for any of the years currently under appeal to this court prior to Plaintiff's December 2010 appeal.
In its Answer, Defendant requested that the court affirm the assessments for the years at issue.
 II. ANALYSIS
Before turning to the question of value, the court must determine whether it has jurisdiction consider the appeal. The jurisdictional question arises because Plaintiff appealed directly to this court without first going to BOPTA.
The first step in the appeal process is to file a petition with BOPTA before December 31 of the "assessment year." ORS 309.026(2)[4] (authorizing BOPTA to hear petitions for value reduction requests) and ORS 309.100(2) (providing for an appeal "following the date the tax statements are mailed for the current tax year and ending December 31").
A taxpayer unhappy with the BOPTA decision can appeal to this court within 30 days of the date the BOPTA order is mailed. ORS 309.110(7) (providing for an appeal of the BOPTA *Page 4 
order "to the magistrate division of the Oregon Tax Court"); ORS 305.280(4) (requiring that the appeal "be filed within 30 days after the * * * date of mailing of the order").
As indicated above, this is a direct appeal to the Tax Court. It was filed December 2010. There was no tax imposed on the property for the 2009-10 or 2010-11 tax years and there is therefore no legal basis for Plaintiff to appeal those years. Those tax years are therefore dismissed.
That leaves only tax years 2006-07, 2007-08, and 2008-09 for the court to consider. Because there was no appeal to BOPTA before the appeal was filed with this court, the statutorily prescribed process of appeal was not followed. See generally
ORS 309.100(1) (authorizing property owners to file petitions with BOPTA); ORS 309.026(2) (authorizing BOPTA to hear requests for reductions in assessed value, real market value and maximum assessed value); ORS 305.275(3) (precluding a taxpayer from appealing to the magistrate division of the Tax Court if the taxpayer may appeal to BOPTA). Ordinarily, that would be the end of the matter. However, recognizing that there are certain situations in which taxpayers do not follow the proper appeal process, the legislature carved out certain limited circumstances where a taxpayer can nonetheless file an appeal with the Tax Court seeking a reduction in value.
The statutory authority for such appeals is found in ORS 305.288. Because this is not property used primarily as a dwelling, only subsection (3) of that statute applies. (See generally
ORS 305.288(1)(a), (b) (authorizing the court to consider a value reduction request for property used primarily as a dwelling if there is an allegation of an error in value of 20 percent or more).
ORS 305.288(3) provides:
 "The tax court may order a change or correction applicable to a separate assessment of property to the assessment or tax roll for the current tax year and for either of the two tax years immediately preceding the current tax year if, for the year to which the change or correction is applicable, the assessor or taxpayer has no statutory right of appeal remaining and the tax court determines that good *Page 5 
and sufficient cause exists for the failure by the assessor or taxpayer to pursue the statutory right of appeal."
That statute contains two important limitations. First, the court can only address the current and two prior tax years. The current tax year is determined based on the date the appeal is filed, which in this case was December 2010. ORS 305.288(5)(a) and ORS 306.115. The "tax year" is a fiscal year that begins on July 1 and ends 12 months later on June 30. ORS 308.007(1)(c). The "current tax year" in December 2010 was 2010-11. The two immediately preceding tax years were 2009-10 and 2008-09. As indicated above, because the value was below the statutory threshold for the 2009-10 tax year, the only year properly before the court is tax year 2008-09. Accordingly, tax years 2006-07 and 2007-08 are dismissed.
That brings the court to the second limitation. In order for the court to order a change or correction in value, the taxpayer must persuade the court "that good and sufficient cause exists for [Plaintiff's] failure * * * to pursue the statutory right of appeal" by petitioning BOPTA before appealing to the court. Again, the court's inquiry is limited to the 2008-09 tax year because all the other tax years have been dismissed, as explained above.
The statute defines "good and sufficient cause" as "an extraordinary circumstance that is beyond the control of the taxpayer * * * and that causes the taxpayer * * * to fail to pursue the statutory right of appeal." ORS 305.288(5)(b)(A). The statute specifically excludes "lack of knowledge" from the definition of "good and sufficient cause." ORS 305.288(5)(b)(B). The only explanation Plaintiff has offered as to why the 2008-09 value was not appealed before the December 31, 2008, BOPTA deadline was that Plaintiff and her husband filed bankruptcy in 2004 and thought that the attorney handling that matter would "take care of everything." However one might characterize that explanation, it does not strike the court as an extraordinary circumstance beyond Plaintiff's control. It strikes the court as more akin to lack of knowledge. The court understands that Plaintiff was likely preoccupied with other matters and gave no *Page 6 
thought to the property taxes. However, the statutory right of appeal was not properly pursued and, for the 2008-09 tax year, the reason given is not legally sufficient to enable the court to order a change or correction to the value. Whether one is warranted is a question the court is not in the position to decide, nor legally permitted to consider, based on the information presently before it.
 III. CONCLUSION
The court concludes that tax years 2006-07, 2007-08, 2008-09, 2009-10, and 2010-11 must be dismissed for lack of jurisdiction. Plaintiff is not aggrieved for the 2009-10 and 2010-11 tax years because the property under appeal is personal property and was valued below the statutory threshold for taxation. Accordingly, there is no tax to pay. The 2006-07 and 2007-08 tax years are dismissed because they are beyond the court's jurisdictional reach under the only available statute, ORS 305.288. Finally, the 2008-09 tax year is dismissed because Plaintiff has not persuaded the court that the reason there was no value petition filed with BOPTA before Plaintiff appealed to the Tax Court was because of "good and sufficient cause," the legal standard in ORS 305.288(3). Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiff's appeal for tax years 2006-07 through 2010-11 is dismissed for lack of jurisdiction.
Dated this ____day of May 2011.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR. *Page 7 
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged.
 This document was signed by Magistrate Dan Robinsonon May 10, 2011. The Court filed and entered this documenton May 10, 2011.
[1] Although Plaintiff only listed tax years 2006-07, 2007-08, and 2008-09 in her Complaint, Plaintiff advised the court during the April 6, 2011, hearing that she was also appealing tax years 2009-10 and 2010-11.
[2] The details of how Plaintiff came into possession of the property were not disclosed, but were presumably part of the corporate dissolution.
[3] By her Complaint, Plaintiff identifies the tax years at issue as 2006-07, 2007-08, and 2008-09. (Ptf's Compl at 1, Sec 1.) Section 4 of the Complaint states in part that Plaintiff is asking the court to "correct the past years and 2009, and 2010.
[4] All references to the Oregon Revised Statutes (ORS) are to 2009.